IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JAIRO FRANCISCO SOLANO, #02374805, § § § Petitioner, § § v. § § DIRECTOR, TDCJ-CID, § § Respondent. § | Case No. 6:24-cv-7-JDK-KNM |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Jairo Francisco Solano, a Texas Department of Criminal Justice prisoner proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2021 conviction in Smith County, Texas for engaging in organized criminal activity. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On September 11, 2024, Judge Mitchell issued a Report recommending that the petition be denied, that this action be dismissed with prejudice, and that a certificate of appealability be denied. Docket No. 40. Petitioner filed written objections. Docket No. 46.

This Court reviews the findings and conclusions of the Magistrate Judge *de novo* if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a *de novo* review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Petitioner raised a single claim for relief in his federal habeas petition: trial court error in admitting hearsay evidence in violation of Petitioner's right to confrontation. Docket No. 1 at 5. The Magistrate Judge recommends dismissal of this claim primarily because the state appellate court held that Petitioner had waived this issue by failing to make appropriate objections, thus rendering the claim procedurally defaulted for the purposes of federal habeas review. Docket No. 40 at 8–11. Alternatively, the Magistrate Judge explains that, even if Petitioner could overcome the default, he failed to demonstrate that the state court's determination that the text messages in question were not testimonial and that their admission did not violate his Sixth Amendment right to confrontation was contrary to or an unreasonable application of federal law. *Id.* at 11–12.

Petitioner's only mention of the Report's analysis of this claim is his question: "Is the violation of a federal constitutional right not a deprivation of fundamental fairness under the Due Process Clause?" Docket No. 46 at 4. In most cases, the answer is that it is not. Absent circumstances not demonstrated here, a procedural default precludes federal review of alleged constitutional violations. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Moreover, for the reasons explained by the Magistrate Judge, the state court found no violation of his constitutional rights, and that determination is not unreasonable as required to entitle him to habeas relief.

Docket No. 40 at 6–12. Accordingly, Petitioner's question does not reveal any error in the Magistrate Judge's findings or recommendation about this claim.

The bulk of Petitioner's objection is devoted to an argument that all evidence against him should have been suppressed because the traffic stop that led to its discovery was illegal. Docket No. 46 at 5–7. But claims for alleged violations of the Fourth Amendment under federal habeas review are not cognizable if the petitioner had a full and fair opportunity to litigate his Fourth Amendment claims during his state proceedings. *Stone v. Powell*, 428 U.S. 464, 494 (1976). The opportunity, regardless of whether it is acted upon at the state level, is all that is required to preclude federal habeas review, *Smith v. Maggio*, 664 F.2d 109, 111 (5th Cir. 1981), and even errors in adjudicating Fourth Amendment claims are not an exception to *Stone*'s bar, *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006). Petitioner already availed himself of Texas's process for litigating his Fourth Amendment claim by moving in the trial court to suppress the evidence from the stop and appealing the denial of his motion to suppress. *See* Docket No. 23-1 at 6–8 (analysis and rejection by Twelfth Court of Appeals of Petitioner's Fourth Amendment claim). Accordingly, even if Petitioner's Fourth Amendment claim were raised in his petition or an amendment to it, it would not be subject to federal review.

Finally, Petitioner argues that he should be permitted leave to amend his petition and that the Court should appoint counsel to assist him in presenting his claims. Docket No. 46 at 2, 8. But for the reasons explained by the Magistrate Judge and discussed above, no amendment could make either the claim raised in the

petition or the one argued in his objection viable. "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court was within its discretion to deny leave to amend." *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022).

Having conducted a *de novo* review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 46) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 40) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice. Further, the Court **DENIES** a certificate of appealability. Any pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **31st** day of **October, 2025.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE